UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                            CASE NO: 6:18-cr-118-Orl-18TBS

MARK ANTHONY ANSWER

    Defendant.
_____

## ORDER

This case comes before the Court without a hearing on Defendant Mark Anthony Answer's Motion to File Under Seal (Doc. 33). On June 11, 2018, Defendant pled guilty to illegally reentering this country after having been removed or deported (Doc. 24). The Court accepted his plea, adjudicated him guilty, and his sentencing is scheduled to occur on September 19, 2018 (Docs. 27-28). Now, Defendant seeks leave of Court to file medical documents which his lawyer represents are personal, private and protected by the Health Insurance Portability and Accountability Act of 1996, P.L. 104-191, 45 C.F.R. Parts 160, 164 (Doc. 33 at 1). Defense counsel also represents that the government does not oppose the motion (Id.).

"'The operations of the court and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). This right "includes the right to inspect and copy public records and documents." Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause,

which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id.

Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings.'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original)). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

Court's in this circuit have recognized a party's privacy interest in their medical records and have permitted same to be filed under seal. Varnadore v. Merritt, No. CV 217-13, 2017 WL 1450816, at *1 (S.D. Ga. April 19, 2017); United States v. McDonald, No. 10-00273-KD-B, 2016 WL 4923511, at *1 (S.D. Ala. Sept. 14, 2016); United States v. Deruiter, No. 2:14-c4-46-FtM-38MRM, 2016 WL 825532, at *1 (M.D. Fla. Mar. 3, 2016); United States v. Wilborn, No. 6:13-cr-253-Orl-37GJK, 2015 WL 1268256, at *6 (M.D. Fla. Mar. 19, 2015).

After conducting the balancing test, the Court finds that Defendant's interest in the confidentiality of his medical records outweighs the public's right of access. Sealing the information will protect Defendant's legitimate privacy interest and will not impair the functioning of the Court. The information is not related to "public officials or public concerns;" and there is no "less onerous" alternative to sealing that will insure that the information remains confidential while allowing the Court to consider it at the time of sentencing. Romero, 480 F.3d at 1246. Accordingly, the motion is **GRANTED**. The Clerk shall maintain Defendant's medical records **UNDER SEAL** until further order of Court.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    United States Probation Office
    Mark Anthony Answer